## GREGORY & SELMAN *vs.* DODGE.

Where, upon a bill for an account as to certain commercial transactions, the defence set up is, that the claim for which the suit is brought was a partnership transaction, in which a third person was jointly interested with the complainants as a copartner, and that the account has been adjusted and settled up to a certain period, such third person is a competent witness for the defendant to prove the existence of the copartnership and the settlement of the account.

A copartner of the complainants, who is not made a party to the suit, is also a competent witness for the defendant to prove the existence of a demand against the copartnership which the defendant wishes to avail himself of as a set off.

It is not a sufficient compliance with the rule requiring the objection to the competency of a witness to be made before his testimony is closed, for the counsel for the adverse party merely to reserve to himself the right to object to the testimony of the witness thereafter, on the ground of interest; but the objection to his testimony must be distinctly made, and the nature of his interest stated, so that the objection may be noted or passed upon by the examiner.

Where the interest of a witness appears from his own examination, the objection to his competency on that ground should be made before his examination is closed.

But if the adverse party intends to prove the witness incompetent by other testimony, the objection to the witness should be made before his examination is closed, and the nature of his interest or the other grounds of objection to his competency should be distinctly stated, that they may be noted by the examiner; and it will then be sufficient, if the party making the objection proves the facts stated as the grounds thereof, at any time before the proofs in the cause are closed.

THE bill in this cause was filed by the complainants against the defendant Dodge, as the surviving partner of the firm of Dodge & Green, for an account and settlement of certain commercial operations between the parties.  The defence set up by the defendant was, that the commercial transactions were carried on between Dodge & Green of the one part, and the complainants and Leavitt Kingsbury, who was their partner, of the other part.  And the defendant insisted, that as to a certain part of the account, there had been a settlement thereof between Dodge & Green, and Kingsbury, on behalf of himself and the complainants, and that the account should not go back beyond that period.  He also insisted upon be-

1834.

Gregory
v.
Dodge.

ing allowed, on the taking of the accounts, for advances and payments made to Kingsbury as one of the partners. Kingsbury was examined as a witness on the part of the defendant, and established the defence set up in the answer. At the hearing of the cause, before the late vice chancellor of the first circuit, the complainants applied to suppress the deposition of Kingsbury ; which application was granted, with costs. And the vice chancellor made a decretal order for a reference to take an account between the parties, in relation to the matters stated in the pleadings, excluding therefrom the accounts, if any, in which Kingsbury was interested, either solely or jointly with the complainants as copartners. And in taking the account, the master was directed to reject the testimony of Kingsbury. From the order suppressing the depsition, and from so much of the decretal order of reference as directed the master to exclude the accounts in which Kingsbury was interested, and to reject the testimony of Kingsbury as evidence upon the taking of the account, the defendant appealed to the chancellor.

*G. B. Hall,* for the appellant.

*D. D. Field,* for the respondents.

THE CHANCELLOR. No objection was made to the competency of Kingsbury as a witness before the examiner. And as the nature of his interest, if he had any, was such that it might have been released if a distinct objection had been made before the testimony was closed, it was too late to object to his competency at the hearing. (*The Mohawk Bank* v. *Atwater,* 2 *Paige's Rep.* 54. *Town* v. *Needham,* 3 *Idem,* 546.) Again ; the testimony of this witness was not completed before the examiner until some months after the new rules of this court went into operation ; and the 85th rule expressly declares, that no objection to the competency of a witness shall be made at the hearing, unless such objection was made before his testimony was closed. The reservation which the complainants' counsel made at the commencement of the examination, of a right to except to the testimony of the wit-

ness thereafter, on the ground of interest, if he should think proper to do so, was neither a compliance with the letter or the spirit of the rule. It amounted to nothing more than saying, " If the witness you are about to examine discloses any thing that shows he is interested, and if I shall think it for the interest of my clients to exclude his testimony on that account, I reserve the right then to make the objection." But the object of requiring the objection to the competency of a witness to be made before his testimony is closed, was to enable the party calling him to obviate the objection, if possible, by a release, or if that could not be done, to give the party an opportunity of substantiating the facts by other witnesses. When a witness is called by one party, if the adverse party intends to prove by other evidence that the witness is interested in favor of the party calling him, or that he is otherwise incompetent, the objection to his competency, and the nature of the interest or other disqualification, should be distinctly stated in the same manner as an objection to the competency of a witness is taken at the circuit, except that it will not be necessary for the party making the objection to produce his evidence in support thereof previous to the examination of the witness. Where the nature of the disqualification is particularly stated, and the objection to the competency of the witness, on that ground, is noted by the examiner before the testimony of the witness is closed, so that the party calling him may have a fair opportunity to obviate the objection where it can be obviated, it will be sufficient if the party making the objection produces his proof in support of the same at any time before the proofs in the cause are closed, and while the examination of witnesses is going on before the examiner. And where the interest appears, from the examination of the witness himself, the objection should be distinctly made, and should be passed upon or noted by the examiner, when the facts disclosing such interest are sworn to by the witness, or at least before the examination is closed.

Upon the merits of this question, also, I do not perceive that this witness was interested in defeating a recovery in favor of these complainants against the defendant. If, as he testified, the matters in controversy were matters in which he

was jointly concerned with the complainants as a partner, then he was interested in having them recover the whole sum claimed; as he could call upon them to account to him as a partner therefor, although it had been recovered in a suit prosecuted in their names only. And if he was also liable to the defendant, as a partner of the complainants, for the amount claimed as an offset against the partnership demands, it only balanced his interest so as to make him indifferent between the parties. The fact that his copartners were insolvent, did not alter the nature of his interest; because, if they had obtained a decree against the defendant, he could, by filing a bill to settle the copartnership accounts, have prevented them from receiving the money until the whole copartnership debts, including any balance which might be due to him from his copartners, were settled or provided for. The fund being within the jurisdiction of this court, it might be reached on such a bill, although Gregory & Selman were insolvent and out of the state. If Kingsbury is considered only as an agent of the complainants, from the agreement which is made an exhibit in the cause, his interest, in defeating a recovery against Dodge in favor of his principal, is not thereby increased. In any other view I have been able to take of this case, the witness, at the most, was interested in the question, as to some of the matters upon which he was examined; but was not interested in defeating the complainants as to the matters in controversy in this suit.

The order to suppress his deposition with costs, and so much of the decretal order of reference as is appealed from, are erroneous, and must be reversed, with costs.